UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>DANIEL RAYMOND and MARIE ESTHER BLACK,<br><br>    Debtors.<br>_____<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL RAYMOND and MARIE ESTHER BLACK,<br><br>    Defendants. | No. 10-05902-PCW7<br><br><br><br><br><br><br><br>Adv. No. 11-80011-PCW<br><br><br><br>MEMORANDUM DECISION RE: DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE PURSUANT TO RULE 12(b)(1) OF THE FED. R. CIV. PRO. |

This adversary was commenced January 18, 2011, by the Internal Revenue Service of the United States of America (hereinafter "IRS") against the debtors. The complaint alleges that certain pre-petition federal tax obligations are not subject to discharge in Chapter 7 case No. 10-05902-PCW7 commenced by the debtors on October 18, 2010.

The grounds for the non-discharge are alleged as follows: 1) 11 U.S.C. § 727(a)(2) concealment of property of the estate; 2) 11 U.S.C. § 727(a)(4) making of false oath; 3) 11 U.S.C. § 523(a)(1)(C) willful attempt to evade assessment and collection of tax; and 4) 11 U.S.C. § 523(a)(1)(B) failure to file tax returns. The debtor defendants seek dismissal of the adversary pursuant to Bankruptcy Rule 7012(b), incorporating Fed. R. Civ. P. 12(b)(1). The debtor defendants allege this court lacks subject-matter jurisdiction as the adversary complaint had not been commenced in accordance with 26 U.S.C. § 7401. The relevant section of that statute reads:

> No civil action for the collection or recovery of taxes, or any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

MEMORANDUM DECISION RE: . . . - 1

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) are to be granted only if allegations in the complaint fail to state a basis for subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1) requires the pleading provide notice of the subject-matter of the suit and the relief sought so that subject-matter jurisdiction may be addressed. Bankruptcy Rule 7008, incorporating Fed. R. Civ. P. 8. Paragraph 4 of the adversary complaint alleges that the Secretary has authorized and the Attorney General has directed the commencement of the action as required by 26 U.S.C. § 7401 and that jurisdiction exists in this court. Although motions to dismiss may be decided based solely upon the allegations in the complaint, both parties have submitted additional evidence regarding the current motion.

The plaintiff IRS has submitted the Declaration of Alexis V. Andrews, which attaches a copy of certain letters purporting to evidence the authority and direction referenced in 26 U.S.C. § 7401. There is a letter dated January 14, 2011 from the Department of the Treasury, Internal Revenue Service, Office of the Chief Counsel to an Assistant Attorney General of the Tax Division of the Department of Justice requesting that the recipient object to the discharge of the debtors' tax obligations under 11 U.S.C. § 523. A supplemental letter dated January 18, 2011 was also submitted from the same office to the same recipient confirming that the request is to oppose discharge of the tax liability under both 11 U.S.C. § 727 and 11 U.S.C. § 523(a)(1) of the Bankruptcy Code. Also submitted by plaintiff IRS is a letter dated January 18, 2011 from the United States Department of Justice, Tax Division, Civil Trial Section, Western Region, to Area Counsel stating that pursuant to 26 U.S.C. § 7401 the Chief Counsel of the Internal Revenue Service has directed the commencement of the adversary.

The debtor defendants have submitted a response to a public record request made by the debtors which response states that the database searched has no documentation evidencing the authorization and direction reference in 26 U.S.C. § 7401. No copy of the request which precipitated the response was provided. The response suggests that the requests for such documentation be made to the Tax Division and/or the Executive Office for United States Attorneys.

In Hughes v. U.S., 953 F.2d 531 (9th Cir. 1992), the Ninth Circuit held that delegation down the chain of command from the Secretary of Treasury to the Commissioner of the Internal Revenue Service to local Internal Revenue Service employees was sufficient to meet the requirements of 11 U.S.C. § 7401. The court stated at page 536:

MEMORANDUM DECISION RE: . . . - 2

Relevant statutes and regulations demonstrate, however, that the Secretary does have the power to collect taxes, and that such power can be delegated to local IRS agents. 26 U.S.C. § 6301 provides that "[t]he Secretary shall collect the taxes imposed by the internal revenue laws." The actual task of collecting the taxes, however, has been delegated to local IRS directors. "The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue." 26 C.F.R. § 301.6301-1. District directors in turn are authorized to redelegate the levy power to lower level officials such as collection officers. See IRS Delegation Order 191. The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees. See 26 C.F.R. § 301.7701-9. Therefore, the agents involved in the case at bar were acting within their authority when they collected taxes from the Hugheses.

The United States Attorney, as the delegate of the Attorney General, has statutory authority to institute collections actions. U.S. v. Walters, 638 F.2d 947 (6th Cir. 1981).

The current case is not a collection action, but an action to declare the tax liability not subject to discharge under the Bankruptcy Code. 28 C.F.R. § 0.70(a) authorizes the Tax Division of the Department of Justice to conduct "litigation resulting from the taxing provisions of other Federal statutes." 11 U.S.C. § 523(a)(1) of the Bankruptcy Code is such a federal statute. Thus the C.F.R. itself provides authority for this adversary action.

Although the debtor defendants provided evidence in the form of a response to a public record request, that evidence does not negate the evidence submitted by the IRS. The plaintiff IRS has submitted persuasive evidence that the appropriate authority has been granted under 11 U.S.C. § 7401 for the commencement of this adversary proceeding. Therefore, debtor defendants' Motion to Dismiss filed on March 9, 2011 is **DENIED**.

_Patricia C. Williams_
Patricia C. Williams
Bankruptcy Judge

04/27/2011 11:29:45

MEMORANDUM DECISION RE: . . . - 3